**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael E. Tennenbaum,<br><br>      Plaintiff,<br><br>v.<br><br>Arizona City Sanitary District, a political subdivision of the State of Arizona, et al.,<br><br>      Defendants. | NO. CV-10-2137-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendant Arizona City Sanitary District's Motion for Summary Judgment (Doc. 53) and Plaintiff's Cross Motion for Summary Judgment (Doc. 67). For the reasons discussed below, Defendant's motion is denied and Plaintiff's motion is granted.

**BACKGROUND**

Defendant Arizona City Sanitary District ("ACSD") is a public entity and political subdivision of the State of Arizona. Plaintiff Michael E. Tennenbaum alleges that on December 30, 2009, the ACSD published a defamatory letter about him. Plaintiff further alleges that this same letter was published in a local newspaper on January 13, 2010 and

1  January 20, 2010, and that the ACSD made additional defamatory comments regarding
2  Plaintiff in a January 20, 2010 meeting.

3  On July 12, 2010, two of Plaintiff's attorneys entered the ACSD's Office at 12922
4  S. Kashmir Rd., Arizona City, AZ (the "Office") with a notice of claim which they
5  indicated they wanted to leave for the ACSD's Board of Directors.[1] Also on July 12, a
6  notice of claim was mailed to the Office. On July 13, an ACSD attorney worked on a
7  matter entitled "Tennebaum [sic] adv. Arizona City Sanitary District – Notice of Claim."
8  (Doc. 68, ¶ 32; Doc. 73, ¶ 32). On July 15, 2010, a process server came to the Office and
9  left a notice of claim with Mary Boileau, an ACSD accounting supervisor. This process
10 server also delivered a notice of claim on July 15 to William Miller, one of the members
11 of the Board of Directors. All the notices of claim were addressed to "Mr. Miller, The
12 Arizona Sanitary District And Its Board of Directors." (Doc. 68-6, Ex. 9). The only office
13 maintained by the ACSD is the one at 12922 S. Kashmir Rd. (Doc. 68, ¶ 36; Doc. 73, ¶
14 36).

15 On October 6, 2010, Plaintiff filed his Complaint in this action, bringing claims
16 against Defendants for libel, slander, and false light invasion of privacy. (Doc. 1). On
17 October 27, 2010, Defendants filed their Answer to Plaintiff's complaint. (Doc. 7).
18 Defendants raised several affirmative defenses in their answer, none of which were
19 related to the Arizona notice of claim statute. (*See* Doc. 7 at ¶¶ 35–36).

---

[1] Plaintiff argues that his attorneys left this notice of claim at the ACSD's office before departing. (Doc. 68, ¶ 16). Defendants, meanwhile, contend that employees at the ACSD informed the attorneys that they were not authorized to accept legal papers on behalf of the Board of Directors, and that the notice of claim was not left at the office. (Doc. 54, ¶¶ 15–16).

On March 19, 2012—over seventeen months after it filed its Answer and just three months before the close of discovery—Defendant ACSD filed its instant motion for summary judgment. (Doc. 53). ACSD contends that Plaintiff failed to provide it with a notice of claim prior to bringing this action and that therefore Plaintiff's claims fail as a matter of law. Plaintiff, meanwhile, has filed a cross motion for summary judgment on the notice of claim issue, arguing that the ACSD should be precluded from raising this defense. (Doc. 67).

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party.*'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

## II. Analysis

### A. Plaintiff's Compliance with Arizona's Notice of Claim Statute (A.R.S. § 12-821.01(A))

The ACSD contends that that Plaintiff's claims fails as a matter of law because he failed to properly file a notice of claim prior to bringing this action. Arizona Revised Statutes ("A.R.S.") § 12-821.01(A) bars any cause of action against a public entity unless the claimant files a notice of claim with the entity within 180 days of the accrual of the cause of action. Such notice of claim must be filed "with the person or persons authorized to accept service for the public entity . . . as set forth in the Arizona rules of civil procedure." A.R.S. § 12-821.01(A). And Arizona Rule of Civil Procedure 4.1(i) states that service upon a governmental subdivision must be delivered to that entity's "chief executive officer, the secretary, clerk, or recording officer."

The ACSD concedes that the Board of Directors is its "chief executive officer." (Doc. 53 at 6). *See also Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 528, 144 P.3d 1254, 1257 (2006) ("Because the board of supervisors has general supervisory powers and policy-making responsibility for the county, including the direction and control of lawsuits against the county . . . the board is the chief executive officer of the county."). The ACSD contends, however, that Plaintiff did not individually serve each member of the Board of Directors with the notice of claim and thus is barred from bringing the claims in his complaint against the ACSD.

The ACSD relies on *Falcon v. Maricopa County* for the proposition that "delivering a notice of claim to only one member of [a] board does comply with the

1 requirements of [ ] the statute." 213 Ariz. 525, 526 (2006). The plaintiffs in *Falcon*,
2 however, mailed their notice of claim to a board member without "deliver[ing] their
3 notice of claim to the office of a person or entity listed in Rule 4.1(i)." *Id.* at 530. Here,
4 on the other hand, Plaintiffs' notice of claim was addressed to the entire Board and the
5 ACSD has stipulated that the notice was both mailed and hand-delivered to its office on
6 Kashmir Road. (Doc. 68, ¶¶ 28–29; Doc. 73, ¶¶ 28–29). Plaintiffs therefore complied
7 with *Falcon*'s requirement that they "deliver their notice of claim to [the public entity's]
8 chief executive officer *or the office of the chief executive officer*." 213 Ariz. 525, 530. *See*
9 *also Creasy v. Coxon,* 156 Ariz. 145, 148, 750 P.2d 903, 906 (App. 1987) ("If a claimant
10 can establish that delivery was made to the appropriate office of the person or agent
11 described in [the Rules of Civil Procedure] that is sufficient to show that the notice of
12 claim was properly delivered.").

13 The ACSD argues that "neither the Arizona City Sanitary District Board of
14 Directors nor any of its members maintains an office at the Kashmir Road office." (Doc.
15 72 at 3). The ACSD has not, however, provided any evidence that the Board of Directors
16 maintains an office elsewhere. Moreover, not only is the allegedly defamatory December
17 2009 letter, which was signed by William Miller as the Chairman of the Board, on
18 District letterhead with the Kashmir Road office's address, but the Board's own agenda
19 and minutes reflect that this office is "the regular meeting place" for Board meetings.
20 (Doc. 68-5, Ex. 1; Doc. 68-5, Ex. 4). To be sure, the ACSD has produced affidavits from
21 three of its employees, each of which states that "[n]either the Arizona City Sanitary
22 District Board of Directors, nor any of the Individual Board Members, maintain [sic] an

5

office at 12922 S. Kashmir Road." (Doc. 54-3, ¶ 5; Doc. 54-4, ¶ 5; Doc. 54-5, ¶ 5). These affidavits do not, however, identify any other office which is used by the Board of Directors. Such "conclusory, self serving affidavit[s], lacking detailed facts and any supporting evidence" are "insufficient to create a genuine issue of material fact." *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1152 (9th Cir. 2012) (quoting *FTC v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997)).

**B.     Waiver**

Even if Plaintiff had failed to properly file a notice of claim with the ACSD, the ACSD would be estopped from asserting this defense under the doctrine of waiver. "The notice of claim statute is 'subject to waiver, estoppel and equitable tolling.'" *Jones v. Cochise County*, 218 Ariz. 372, 379, 187 P.3d 97, 104 (Ct. App. 2008) (quoting *Pritchard v. State*, 163 Ariz. 427, 432, 788 P.2d 1178, 1183 (1990)). "Waiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment." *Am. Cont'l Life Ins. Co. v. Ranier Const. Co., Inc.*, 125 Ariz. 53, 55, 607 P.2d 372, 374 (1980). "[W]aiver may be found when a governmental entity has taken substantial action to litigate the merits of the claim that would not have been necessary had the entity promptly raised the defense." *Jones*, 218 Ariz. at 380.

"Arizona courts have held waiver is 'a question of fact to be determined by the trier of fact.'" *Id.* (citing *Chaney Bldg. Co. v. Sunnyside Sch. Dist. No. 12,* 147 Ariz. 270, 272–73, 709 P.2d 904, 906–07 (App.1985)). Waiver of notice of claim requirements may be decided as a matter of law, however, where "the facts relating to waiver are

6

1  uncontested, occurred after litigation began, and are wholly unrelated to the underlying
2  facts of the claim." *Id.* "[I]n these circumstances, the question of waiver need not be
3  submitted to the jury but instead should be decided by the trial court as a matter of law."
4  *Id.* at 381.

5  In *Jones v. Cochise County*, the Arizona Court of Appeals determined that a court
6  may make a "finding of waiver as a matter of law when a party fails to assert a deficiency
7  in the notice of claim until after litigating the claim on its merits or investigating the
8  claim prior to litigation." 218 Ariz. 372, 379, 187 P.3d 97, 104 (Ct. App. 2008). In *Jones*,
9  the defendant, Cochise County, "provided [the plaintiffs] with a disclosure statement,
10 answered interrogatories, and participated in seven depositions . . . before it raised [a
11 notice of claim] defense, almost a year after the complaint was filed." *Id.* at 380. The
12 court found that such "conduct is inconsistent with an intention to assert the notice of
13 claim statute as a defense," reasoning that "[h]ad the County intended to assert that
14 defense, there would have been no need for it to engage in disclosure or discovery; it
15 would have been able to assert the defense immediately." *Id.* The court in *Jones* therefore
16 held that "the County waived the affirmative defense that the notice of claim was
17 deficient." *Id.* at 381.

18 In this case, the ACSD's conduct has been similarly "inconsistent with an
19 intention to assert the notice of claim statute as a defense." *Jones*, 218 Ariz. at 380. Not
20 only did the ACSD fail to assert this defense in its Answer, but it provided Plaintiff with
21 both a disclosure statement and a supplemental disclosure statement. (*See* Docs. 7, 36, 43,
22 46). It also accepted discovery requests from Plaintiff. (*Id.*). *See Cmty. Ass'n*

*Underwriters of Am., Inc. v. Salt River Project Agric. & Improvement Power Dist.*, 1 CA-CV 10-0797, 2011 WL 5299392 (Ariz. Ct. App. Nov. 3, 2011) (observing that in *Jones* "[t]he failure of the County to even assert the affirmative defense of failure to comply with the notice of claims statute along with litigating the complaint itself was indicia of an intent to waive the defense"). To be sure, unlike the County in *Jones*, the ACSD does not appear to have actively subpoenaed and deposed witnesses prior to raising the notice of claim defense. (Doc. 72 at 2). *See Jones*, 218 Ariz. at 372 ("[T]he County did more than merely respond to the complaint or discovery requests—it actively investigated and proactively defended the claim by subpoenaing and deposing witnesses and conducting other discovery."). Nonetheless, the ACSD waited over seventeen months after Plaintiff filed his complaint to raise the notice of claim—five months longer than the twelve months the County waited to raise the defense in *Jones*. *See id.* at 374. The ACSD has waived the right to raise noncompliance with the Arizona notice of claim statute as a defense.

**IT IS THEREFORE ORDERED** that Defendant Arizona City Sanitary District's Motion for Summary Judgment (Doc. 53) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Cross Motion for Summary Judgment (Doc. 67) is **GRANTED.**

DATED this 7th day of August, 2012.

_____
G. Murray Snow
United States District Judge