**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael E. Tennenbaum,<br><br>        Plaintiff,<br><br>v.<br><br>Arizona City Sanitary District, a political subdivision of the State of Arizona, et al.,<br><br>        Defendants. | NO. CV-10-2137-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Reconsideration (Doc. 122). For the reasons discussed below, Defendant's motion is denied in part and granted in part.

**BACKGROUND**[1]

Defendant Arizona City Sanitary District is a public entity and political subdivision of the State of Arizona. Plaintiff Michael E. Tennenbaum alleges that on December 30, 2009, Defendant published a defamatory letter about him. Plaintiff further

---

[1] For a more detailed description of the background and facts, see the Court's Order of August 7, 2012. (Doc. 119).

1

1  alleges that this same letter was published in a local newspaper on January 13, 2010 and
2  January 20, 2010, and that Defendant made additional defamatory comments regarding
3  Plaintiff in a January 20, 2010 meeting.
4       On August 7, 2012, the Court issued an Order denying Defendant Arizona City
5  Sanitary District's motion for summary judgment regarding its notice of claim defense
6  and granting Plaintiff Michael Tennenbaum's cross motion for summary judgment
7  against Defendant on that defense. (Doc. 119). On August 20, 2012, Defendant moved
8  for reconsideration of the Court's August 7th Order. (Doc. 122). On September 6, 2012,
9  at the Court's direction, Plaintiff responded to the motion for reconsideration. (Doc. 127).

10 **DISCUSSION**

11      Generally, motions to reconsider are appropriate only if the Court "(1) is presented
12 with newly discovered evidence, (2) committed clear error or the initial decision was
13 manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist.*
14 *No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In
15 this case, Defendant contends that the Court committed clear error in its August 7, 2012
16 Order because the Court stated that Defendant failed to raise its A.R.S. § 12-821.01
17 notice of claim defense in its Answer to Plaintiff's Complaint.
18      The Court, indeed, mistakenly believed that Defendant had not raised its notice of
19 claim defense until its summary judgment motion. (Doc. 119 at 7). In fact, Defendant had
20 identified this defense on October 28, 2010 in its Answer to Plaintiff's complaint. (Doc.
21 10, ¶ 2). "A party may assert an affirmative defense in its pleadings and still waive that
22 defense by conduct." *Jones v. Cochise County*, 218 Ariz. 372, 379, 187 P.3d 97, 104 (Ct.

1   App. 2008). The Court finds, however, contrary to its finding in the August 7, 2012
2   Order, that Defendant did not waive its notice of claim defense.

3        To be sure, Defendant waited nearly 15 months after identifying this defense in its
4   Answer before seeking dismissal of Plaintiff's claims on this basis. (Doc. 53). During this
5   time Defendant provided Plaintiff with disclosure statements and accepted discovery
6   requests from Plaintiff. (Doc. 119 at 7). Nonetheless, prior to bringing its motion for
7   summary judgment, Defendant had not subpoenaed and deposed witnesses or otherwise
8   actively engaged in discovery. (Doc. 72 at 2; Doc. 127 at 4). The instant case is therefore
9   unlike the situation is *Jones* where the court not only noted that the defendant had failed
10  to assert this defense in its initial answer, but found "[o]f particular importance" that the
11  defendant "actively investigated and proactively defended the claim by subpoenaing and
12  deposing witnesses." 218 Ariz. at 380. Because Defendant in this case did not actively
13  participate in the discovery process prior to filing its summary judgment motion, it did
14  not "take[ ] *substantial* action to litigate the merits of the claim that would not have been
15  necessary had [it] promptly raised the defense." *Id.* at 380. (emphasis added). Defendant
16  did not, therefore, waive its notice of claim defense.

17      As the Court held in its August 7, 2012 Order, however, Plaintiff *did* serve a valid
18  notice of claim on Defendant by July 12, 2010. (Docs. 119; 68 ¶ 29; 73 ¶ 29).
19  Consequently, all Plaintiff's claims which accrued within 180-days prior to that date—
20  namely the claims alleging publication of defamatory material on January 13, 2010 and
21  January 20, 2010—are immune to the notice of claim defense. The Court will therefore
22  not vacate its granting of Plaintiff's motion in regards to those claims.

There is a genuine issue of material fact, however, whether Plaintiff knew of the December 2009 letter more than 180-days prior to Plaintiff's service of the notice of claim. Although this letter was published in late December 2009—more than 180-days prior to July 12, 2010—it is not clear from the record at what point Plaintiff "realize[d] he . . . ha[d] been damaged and kn[ew] or reasonably should [have known] the cause, source act, event instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821-01(B). Defendant will not, therefore, be precluded from litigating the issue of whether the notice of claim statute shields Defendant from Plaintiff's claims insofar as they relate to Defendant's initial publication of the letter in December 2009.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration (Doc. 122) is **denied in part and granted in part.**

**IT IS FURTHER ORDERED** that the Court's August 7, 2012 Order (Doc. 119) is **vacated**, but only to the extent that it is inconsistent with this order.

Dated this 14th day of September, 2012.

G. Murray Snow
United States District Judge